UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES KERRIGAN,<br><br>        Petitioner,<br><br>-against-<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | 16-CR-576<br><br>20-cv-1493<br><br><u>**OPINION & ORDER**</u> |

**ANDREW L. CARTER, JR., United States District Judge:**

  Defendant Charles Kerrigan, proceeding *pro se*, moves for reconsideration of the Court's August 8, 2022 Opinion and Order ("Op.") (ECF No. 14) denying Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Section 2255"). (16 Cr. 576, ECF No. 352). For the reasons that follow, Defendant's motion is **DENIED**.

## BACKGROUND

  The Court assumes the Parties' familiarity with Mr. Kerrigan's underlying offense conduct, which is set forth more fully in the Opinion and Order denying Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 14. In short, Defendant and three other individuals burglarized an HSBC bank in Brooklyn, New York over the course of two days in April 2016 and then burglarized a Maspeth Federal Bank in Queens, New York six weeks later. Op. at 2-3. In total, the burglars stole approximately $726,000 in cash and an estimated $20,430,755 in valuables held in safety deposit boxes. *Id.* On December 11, 2017, Mr. Kerrigan pled guilty to all six counts of the indictment, which charged him with one count of conspiracy to commit bank burglary and bank theft, in violation of 18 U.S.C. § 371 (Count one); two counts of bank burglary, in violation of 18 U.S.C. § 2113(a) (Counts Two and Four); two counts of bank theft, in violation of 18 U.S.C. § 2113(b) (Count Three and Five); and

one count of witness retaliation while on pretrial release, in violation of 18 U.S.C §§ 1513(b)(2) and 3147 (Count Six). *Id.* At 4-5. The Court imposed a total sentence of 200 months' imprisonment and three years' supervised release. It also ordered the defendant to forfeit $20,887,360.38 and to pay a $600 mandatory special assessment. (16 Cr. 576, Dkt. 246). Following sentencing, the Court ordered Kerrigan to pay $30,584,812.22 in restitution. (16 Cr. 576, Dkt. 269).

On or about May 1, 2018, Kerrigan filed a notice of appeal and on September 28, 2018, Kerrigan, through his new appellate counsel, filed a memorandum in support of his appeal, in which he argued first that his sentence was procedurally unreasonable because (1) the District Court erred in denying him a reduction for acceptance of responsibility, (2) the District Court erred in granting an upward departure, and (3) that the District Court erred in its grouping analysis, and second that his sentence was substantively unreasonable. (*United States v. Kerrigan*, No. 18-1022, Dkt. 62 ("Kerrigan App. Br.")). On September 12, 2019, the Second Circuit rejected Kerrigan's arguments and affirmed his judgment of conviction. *United States v. Kerrigan*, 787 F. App'x 767 (2d Cir. 2019).

On March 10, 2020, Kerrigan, through new counsel, filed a petition seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255(a), in which he advanced four arguments: (1) his guilty plea was deficient because he was not fully informed of the elements of Count Six (the witness retaliation charge) and did not sufficiently allocute to those elements; (2) he was erroneously sentenced on Counts Four, Five, and Six, which he incorrectly claimed had been dismissed; (3) his sentence was unconstitutional under the Eighth Amendment; (4) his district court and appellate counsel were constitutionally ineffective, district court counsel for failing to obtain a plea agreement with the Government, for not objecting to the Court's

acceptance of his guilty plea with respect to Count Six, and for not disputing the loss calculation in his PSR; appellate counsel for failing to raise any of the aforementioned arguments on appeal. (20 Civ. 1493, Dkt. 3). Following the Government's opposition (16 Ct. 576, Dkt. 327) and the defendant's reply (16 Cr. 576, Dkt. 328); the Court ordered the defendant's district court and appellate counsel to each file an affidavit addressing Kerrigan's claims of ineffective assistance of counsel (16 Cr. 576, Dkt. 348), which each counsel did (16 Cr. 576, Dkt. 349, 350). Kerrigan then filed an affidavit in reply (20 Civ. 1493, Dkt. 12). On August 8, 2022, the Court denied Kerrigan's motion under Section 2255 and declined to issue a certificate of appealability. (16 Cr. 576, Dkt. 351).

## STANDARD OF REVIEW

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citations omitted); *see also Weiss v. El Al Isr. Airlines, Ltd.*, 471 F. Supp. 2d 356, 358 (S.D.N.Y. 2006) ("A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue.").

As detailed in this Court's decision denying § 2255 relief, claims of ineffective assistance of trial and appellate counsel are governed by a two-pronged standard that requires a petitioner to: "(1) show that counsel's representation 'fell below an objective standard of reasonableness,' and (2) 'affirmatively prove prejudice' by showing that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Thomas*, 608 F. App'x 36, 38 (2d Cir. 2015) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 693-94, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)); *see also Weingarten v. United States*, 865 F.3d 48, 53 n.4 (2d Cir. 2017) ("Although the *Strickland* standard was formulated in the context of evaluating a claim of ineffective assistance of trial counsel, the same test is used with respect to appellate counsel.") (quoting *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994)). According to the Second Circuit, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," which may be "overcome . . . only by showing that . . . counsel's acts or omissions cannot be 'considered sound trial strategy.'" *Harrison v. Cunningham*, 512 F. App'x 40, 42 (2d Cir. 2013) (quoting *Strickland*, 466 U.S. at 689).

## DISCUSSION

Defendant has filed this motion for reconsideration and/or amendment under Federal Rules of Civil Procedure 59, 60, and/or 15. (20-cv-1493, ECF No. 14 at 3). Federal Rule of Civil Procedure 15 pertains to amended and supplemental pleadings and therefore is not applicable to the instant motion. Under *United States v. Clark*, the Second Circuit has held that although the Federal Rules of Criminal Procedure do not contemplate such a motion, a motion to reconsider a section 2255 ruling is to be treated as a Rule 59(e) motion if filed within 10 days of entry of the challenged order and as a Rule 60(b) motion if filed thereafter. *See United States v. Clark*, 984

F.2d 31, 32 (2d Cir. 1993) (affirming district court's denial to reconsider a section 2255 ruling and dismissing the appeal as untimely).

This Court's order denying Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255(a) was entered on August 8, 2022. (16 Cr. 576, Dkt. 351). Although Defendant's motion is dated September 1, 2022, it was docketed on September 14, 2022. (16 Cr. 576, Dkt. 352). Because Defendant filed this motion for reconsideration thirty-seven days after the Court entered denial of Defendant's 2255 motion, we analyze accordingly under Federal Rule of Civil Procedure 60(b).[1]

Under Rule 60(b) of the Federal Rules of Civil Procedure, a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" for, among other reasons, fraud, misrepresentation, or misconduct by an opposing party, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). In the context of a habeas proceeding, however, relief under Rule 60(b) is only available when the "motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). Defendant asserts that the conduct of his attorney at the 2018 sentencing proceeding regarding his underlying criminal conviction amounted to ineffective assistance of counsel. Because Mr. Kerrigan does not challenge the conduct of the attorney who filed his Section 2255 motion, relief is not available pursuant to Rule 60(b).

Even if the Court were to consider his attack on the underlying criminal conviction, the motion still fails. The Court has already considered and correctly dismissed Defendant's claims that his district court counsel was ineffective for failing to object to the loss amount in the PSR and that counsel's decision not to conduct a *Fatico* hearing regarding each victim's loss was

---

[1] Even if the Court were to treat the filing date as September 1, the motion was still filed past the ten-day cutoff.

unreasonable. (Op. at 33-34). As the Court has noted, the Second Circuit has previously recognized that "counsel may properly decide to forego a *Fatico* hearing as a 'matter of strategy,' and we presume that such a strategy is sound absent a strong showing to the contrary." *United States v. Santiago*, 330 F. App'x 234, 238-39 (2d Cir. 2009) (summary order) (citation omitted); *see also United States v. Lee*, 818 F.2d 1052, 1056 (2d Cir. 1987) (upholding counsel's decision not to pursue a *Fatico* hearing "as a matter of strategy"). Indeed, "[c]ourts within this circuit have repeatedly found that counsel's decision whether or not to request a *Fatico* hearing is a 'strategic [choice] that falls within the range of reasonable professional assistance.'" *Messina v. United States*, No. 11 Cr. 31 (KAM), 2020 WL 4194533, at *19 (E.D.N.Y. July 21, 2020) (quoting *Peterson*, 896 F. Supp. 2d at 318). Here, Mr. Parotta's decision to forgo a *Fatico* hearing was reasonable and does not give rise to a claim of ineffective assistance. As Parrotta notes in his affidavit, "[a] *Fatico* hearing presenting additional evidence of additional victim's loss risked providing the Court with more cumulative factors to consider in formulating a sentence based not only on economic loss but also based on a loss that was more than just financial." (Parrotta Aff. ¶ 13). Accordingly, Mr. Parrotta's decision to forgo a *Fatico* hearing did not fall below an objective standard of reasonableness. *See Lee*, 818 F.2d at 1056.

## CONCLUSION

Because Defendant fails to identify any information or argument that might be expected to alter the Court's determination that his counsel did not act ineffectively at sentencing and that he was not prejudiced by counsel's assistance, Defendant's motion for reconsideration and/or amendment (ECF No.14) is DENIED.

The Clerk of Court is directed to close the open motion at ECF No. 14.

**SO ORDERED.**

**Dated: March 28, 2024**
**New York, New York**

_____
**HON. ANDREW L. CARTER, JR.**
**United States District Judge**